[Civ. No. 12232. Second Appellate District, Division One.—February 14, 1941.]

GEORGE MILLER, Appellant, v. MARIO LaGRUA et al., Respondents.

Fred W. Heath and Daniel A. Knapp for Appellant.

Richardson & Jordan and Harold Richardson for Respondents.

DORAN, J.—This is an appeal from a judgment in favor of defendants in an action brought by plaintiff to recover damages for personal injuries sustained as the result of an

automobile accident. The case was tried before the court sitting without a jury.

█ The facts, so far as necessary to a determination of the question here presented, are as follows:

The accident occurred on February 1, 1937, about 7:30 in the evening, at the intersection of Slauson Avenue and Pacific Boulevard in the city of Huntington Park, county of Los Angeles. The intersection in question is at right angles, Pacific Boulevard running north and south and Slauson Avenue east and west. Slauson Avenue is 70 feet wide at that point. Traffic on both streets at the intersection at the time of the accident was controlled by automatic traffic lights, coupled with warning signal bells. At the first ring of the bell the lights controlling the street on which traffic was moving would change from "Go" to "Stop", that is, from green to red, and on the second ring the lights on the other street would change from red to green. The intersection was well lighted. Plaintiff arrived at the intersection in a car driven by his daughter west on Slauson Avenue. The car drew up to the curb at the northwest corner of the intersection, at which time the signal on Slauson was red. Plaintiff alighted from the car at this point and proceeded to cross Slauson Avenue from north to south in the marked pedestrian zone between the northeast and southeast corners. When plaintiff was one-quarter or one-third of the way across, the first signal bell rang. When plaintiff was crossing the west bound lane of traffic on Slauson closest to the center line of the street he appears to have moved over to the westerly boundary of the pedestrian zone to avoid a west bound car which arrived at the intersection. The car apparently stopped to allow plaintiff to pass. At that time the second bell rang and the signal on Slauson Avenue changed to "Go". Plaintiff, then just about at the middle of the intersection, proceeded on across the street and, about 12 feet south of the center line of Slauson Avenue, was struck by a car driven by defendant LaGrua traveling east on Slauson. There is some evidence indicating that when at the center of the street plaintiff had looked to his right, the direction from which defendant's car approached, although it is not entirely clear from the record just when plaintiff looked to his right. According to defendant LaGrua and the witness who was riding with him in the car at the time of the accident, he was driving at about 15

or 20 miles an hour in second gear when he struck plaintiff. He does not appear to have seen plaintiff until very shortly before or at the time he struck him. LaGrua testified, as did his companion, that his car, a 1929 or 1930 Peerless, was traveling east on Slauson Avenue, that he stopped for the signal at Pacific Boulevard and did not proceed across the intersection until that signal changed to "Go". This testimony was not directly controverted. A witness for defendants testified that just prior to the accident he had been driving west on Slauson, that when he was about 20 feet east of the pedestrian zone, in which plaintiff crossed, he heard the first warning bell. The witness was traveling west in the lane closest to the center line of the street. When he arrived at the pedestrian zone in question he saw plaintiff hurrying in front of the witness's car and he applied his brakes and then turned the window of his car down in order to shout a warning at plaintiff.

The court found that the plaintiff failed to use reasonable care at the time of the accident and that his negligence contributed directly and proximately to the occurrence thereof. Plaintiff (appellant) contends that such findings are unsupported by the evidence.

Without discussing the evidence in greater detail than above set forth it is sufficient to state that an examination of the record reveals the question of plaintiff's negligence in this case to be clearly one of fact for the determination of the trial court. The evidence permits two possible inferences to be deduced therefrom, one of which supports the findings of the court with regard to plaintiff's contributory negligence. In such a case the court's findings will not be disturbed upon appeal.

The court having made a proper finding for the defendants on the issue of contributory negligence, the question here raised as to the ownership of the car is immaterial.

For the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.